IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:24-cv-00066-MR

ROBERT PRICE,                      )
                                   )
            Plaintiff,             )
                                   )
vs.                                )
                                   )
ATRIUM HEALTH, et al.,             )        **ORDER**
                                   )
            Defendants.            )
_____)

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 5].

**I.   BACKGROUND**

The pro se incarcerated Plaintiff filed this civil rights suit pursuant to 42 U.S.C. § 1983, addressing the allegedly insufficient medical care that he received while he was a pretrial detainee at the Cleveland County Detention Center (CCDC) in 2021.[1] [Doc. 1 at 2]. He names as Defendants: Atrium Health, a "private medical care provider"; Ashley Williams, a nurse

---

[1] The Plaintiff is presently incarcerated in the North Carolina Department of Adult Corrections at the Nash Correctional Institution. He previously filed a § 1983 action addressing the medical care he received at CCDC, Case No. 1:23-cv-00012-MR. The Complaint in that case was dismissed on initial review and, when Plaintiff failed to amend, the action was dismissed without prejudice for lack of prosecution. See Price v. Norman, 2023 WL 2518326 (W.D.N.C. March 14, 2023), aff'd, 2023 WL 4839588 (4th Cir. July 28, 2023).

practitioner at Atrium Health; Southern Health Partners, the "municipality contracted medical provider" for CCDC; and FNU Hamrick, a Cleveland County Sheriff's Office detention officer. [Doc. 1 at 1-3].

The Plaintiff describes his claims as "Fourteenth Amend due process violation failure to execute sick call procedure under Eighth Amend, deliberate indifference to serious medical need." [Doc. 1 at 3] (errors uncorrected). He alleges that:

> Together and seperatly each defendant ignored my request for medical assistant in the area of serious medical need, bladder and urethra deformaties for nine days urinating blood, denied me access to services of medical provider.
> …
> Officer Hamrick was aware of my serious medical need, but ignored it stating he thought I was faking, thus chain of events Southern Health Partners further ignored for 9 days providing any care which denied timely care leading to emergency transport to Atrium Health Care where Nurse Williams denied services, and returned me back to the Jail, leading to Emergency Surgery on 11/30/21. Ms. Williams refused order from jail to put a catheter in to give me some relief.

[Id. at 4-5] (errors uncorrected). For injury, he claims:

> Serious inability to urinate, leading to serious bleeding from penis and need for bladder neck surgery. Had emergency surgery on 11/30/21, due to Ms. Williams refusing to put catheter in. Since 11/30/21, I've had three more surgeries. May have to have a fourth. Had seen Nurse Williams on 10/21/21.

[Id. at 5]. He seeks nominal, compensatory, and punitive damages; a declaratory judgment; and a jury trial. [Id.].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States,

and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

The Plaintiff names as Defendants Atrium Health, a "private medical care provider," and Ashley Williams, an Atrium employee. [Doc. 1 at 2]. To satisfy the state action requirement under § 1983, a plaintiff must demonstrate that the conduct at issue is "fairly attributable to the State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). If a defendant is not a state actor, there must be a "sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999). Conduct by a private entity may be fairly attributable to the state (1) when a sufficiently close nexus exists between a regulated entity and a state such that the actions of the regulated entity are fairly treated as those of the state; (2) when the state has exercised coercive power or has provided such significant encouragement that the action must be deemed that of the state; and (3) when the private entity has exercised powers that are traditionally the exclusive prerogative of the state. See Mentavlos v. Anderson, 249 F.3d 301, 313 (4th Cir. 2001).

The Plaintiff makes no factual allegations that would plausibly suggest that this private hospital or its employee acted under the color of state law for the purposes of § 1983. See Freilich v. Upper Chesapeake Health, Inc., 313 F.3d 205, 214 n. 3 (4th Cir. 2002) (plaintiff could not recover against a purely private hospital under § 1983). Accordingly, the claims against Atrium Health and Ashley Williams are dismissed without prejudice.

The Plaintiff also sues the CCDC's healthcare provider, Southern Health Partners. The Fourth Circuit has conditioned liability for private corporations under 42 U.S.C. § 1983 on the same requirements established for municipal corporations. Rodriguez v. Smithfield Packing Co., Inc., 338 F.3d 348, 355 (4th Cir. 2003); Powell v. Shopco Laurel Co., 678 F.2d 504, 506 (4th Cir. 1982). Section 1983 liability cannot be based solely on a theory of respondeat superior. Austin v. Paramount Parks, Inc., 195 F.3d 715, 728 (4th Cir. 1999). Instead, to establish Section 1983 liability for a private corporation, a plaintiff must show that "an official policy or custom of the corporation cause[d] the alleged deprivation of federal rights." Id.; see Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978).

Here, the Plaintiff has made no factual allegations suggesting that a policy or custom of Southern Health Partners caused his purported injuries. His apparent reliance on *respondeat superior* fails to support a § 1983 claim.

See, e.g., Hill v. Palmer, No. 1:18-CV-293-FDW, 2019 WL 956816, at *6 (W.D.N.C. Feb. 27, 2019) (dismissing on initial review claims against Southern Health Partners, on a theory of *respondeat superior* where plaintiff failed to identify any policy or custom of the corporation and therefore failed to state any cognizable § 1983 claim). The claims against Southern Health Partners are, therefore, dismissed without prejudice.

The Plaintiff claims that Defendant Hamrick failed to provide him with adequate medical care. A pretrial detainee's claim of inadequate medical care is properly brought pursuant to the Fourteenth Amendment. Short v. Hartman, 87 F.4th 593, 611 (4th Cir. 2023).[2] To state a claim of deliberate indifference to a medical need, a pretrial detainee must plead that:

> (1) they had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had the condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed.

Id. at 611. Under this standard, "[t]he plaintiff [need not] show that the defendant had actual knowledge of the detainee's serious medical condition and consciously disregarded the risk that their action or failure to act would

---

[2] On initial review of Plaintiff's Complaint in Case No. 1:23-cv-00012, the Court applied the then-applicable Eighth Amendment deliberate indifference standard. The Fourth Circuit subsequently clarified in Short that the Fourteenth Amendment standard that applies to pretrial detainees' claims of deliberate indifference to a serious medical need.

6

Case 1:24-cv-00066-MR   Document 7   Filed 05/15/24   Page 6 of 9

result in harm." Id. "[I]t is enough that the plaintiff show that the defendant acted or failed to act 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 836, 114 S.Ct. 1970 (1994)). It remains, however, insufficient "for the plaintiff to allege that the defendant negligently or accidentally failed to do right by the detainee." Id. at 611-12.

Here, the Plaintiff alleges that Defendant Hamrick, a detention officer, ignored the Plaintiff's "serious medical need" because he thought that the Plaintiff was faking. [Doc. 1 at 5]. These allegations are too vague and conclusory to plausibly show that Hamrick's inaction was objectively unreasonable. He does not allege any facts to suggest that Hamrick's mistaken belief that the Plaintiff was faking was anything more than negligent or accidental, or that Hamrick knew or should have known that his inaction would subject the Plaintiff to unjustifiably high risk of harm. Accordingly, the Plaintiff's claims against Defendant Hamrick are dismissed without prejudice.

Finally, the Plaintiff asserts a due process claim for "failure to execute sick call procedure." [Doc. 1 at 3]. This claim is completely unsupported by any factual allegations such that it fails to satisfy the most basic pleading requirements. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson

7

v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Moreover, a policy violation does not rise to the level of a § 1983 claim absent a plausible allegation of an underlying constitutional violation. See generally Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (unpublished) (holding that "prison officials' failure to follow internal prison policies are not actionable under § 1983 unless the alleged breach of policy rises to the level of constitutional violation"). Therefore, to the extent that the Plaintiff attempts to assert a due process claim with regard to CCDC's sick call procedure, it is dismissed.

## IV. CONCLUSION

In sum, the Complaint fails initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede his previous filings. Piecemeal amendment

will not be allowed. Should the Plaintiff fail to timely file an Amended Complaint in accordance with this Order, this action will be dismissed without prejudice and without further notice to the Plaintiff.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. This action [Doc. 1, Complaint] is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

2. The Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If the Plaintiff fails to file an Amended Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to the Plaintiff.

The Clerk is respectfully instructed to mail the Plaintiff a copy of this Order and a blank § 1983 prisoner complaint form.

**IT IS SO ORDERED.** Signed: May 15, 2024

Martin Reidinger
Chief United States District Judge