IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:24-cv-00066-MR

ROBERT PRICE,                  )
                               )
            Plaintiff,         )
                               )
vs.                            )
                               )
ATRIUM HEALTH, et al.,         )         **ORDER**
                               )
            Defendants.        )
_____)

**THIS MATTER** is before the Court on initial review of the Amended Complaint [Doc. 8]. The Plaintiff is proceeding in forma pauperis. [Doc. 5].

**I.  BACKGROUND**

The pro se incarcerated Plaintiff filed this civil rights suit pursuant to 42 U.S.C. § 1983, addressing the allegedly insufficient medical care that he received while he was a pretrial detainee at the Cleveland County Detention Center (CCDC) in 2021.[1] The Complaint failed initial review and the Plaintiff

---

[1] The Plaintiff is presently incarcerated in the North Carolina Department of Adult Corrections. He previously filed a § 1983 action addressing the medical care he received at CCDC, Case No. 1:23-cv-00012-MR. The Complaint in that case was dismissed on initial review and, when the Plaintiff failed to amend, the action was dismissed without prejudice for lack of prosecution. See Price v. Norman, 2023 WL 2518326 (W.D.N.C. March 14, 2023), aff'd, 2023 WL 4839588 (4th Cir. July 28, 2023).

was granted the opportunity to amend. [Docs. 1, 7]. The Amended Complaint is now before the Court for initial review. [Doc. 8].

The Plaintiff again names as Defendants: Atrium Health, which he now describes as a "Third Party contractor to provide healthcare;" Ashley Williams, a nurse practitioner at Atrium Health; Southern Health Partners ("SHP"), the "municipality contracted medical provider" for CCDC; and FNU Hamrick, a CCDC detention officer. [Doc. 8 at 1-3]. The Plaintiff describes his claims as "14th Amendment under 1983 for County Defendants, Due Process for inadequate medical care, municipal actor was deliberately indifferent to serious medical needs." [Id. at 3] (errors uncorrected).

The Plaintiff alleges that he had preexisting bladder conditions for which he had scheduled medical procedures on October 21 and 28, 2021; however, he was unable to have these procedures done due to his October 12, 2021 arrest. [Id. at 12]. Although the Plaintiff disclosed his medical conditions upon his arrest and booking, he did not see a medical provider until nine days after intake at CCDC, in violation of SHP policy. When he finally saw a nurse on October 21, 2021, he was sent to Atrium Health with an order for placement of a catheter. Defendant Williams at Atrium Health took a urine sample, refused to place a catheter, and instead treated the Plaintiff for a urinary tract infection. The Plaintiff returned to CCDC where he

was placed in an observation cell.  It took four days for him to receive antibiotics.  He complained about worsening pain, passing blood, and the inability to fully empty his bladder for more than a month.  Defendant Hamrick threatened the Plaintiff and ignored his requests for medical attention because she thought he was faking.  When the Plaintiff finally saw a nurse on November 29 or 30, 2021, the Plaintiff was sent back to Atrium Health where he received emergency bladder surgery.  The Plaintiff was sent to the North Carolina Central Prison to recover from surgery.  There, he did not receive antibiotics for three days and his catheter was not removed for nine days because CCDC had failed to forward his medical records.  In April 2022, the Plaintiff asked to see a nurse during his criminal trial but he does not recall seeing a nurse at CCDC pursuant to that request.  [Doc. 8 at 13-16].

The Plaintiff claims that the allegedly inadequate treatment he received at the CCDC and at Atrium Health caused him pain and that the emergency surgery might have been prevented with proper care.  [Id. at 14].  He seeks damages and a jury trial. [Id. at 5].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state

a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, the Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

The body of the Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. [See, e.g., Doc. 8 at 14, 16 (referring to Officer Lee, Officer Vess, Dr. Gassett)]; Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("[T]o make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity."). The Plaintiff also uses vague terms and pronouns rather than identifying the individual(s) involved in each allegation. [See, e.g., Doc. 8 at 16 (referring to "several … officers," "Court Deputy")]. These claims are too vague and conclusory to proceed. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). The allegations directed at individuals not named as defendants or that are too vague and

5

conclusory to be attributed to a defendant are, therefore, dismissed without prejudice.

A pretrial detainee's claim based on deliberate indifference to a serious medical need is properly brought pursuant to the Fourteenth Amendment. Short v. Hartman, 87 F.4th 593, 611 (4th Cir. 2023). To state such a claim, a plaintiff must allege that:

> (1) they had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had the condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed.

Id. at 611. Under this standard, "the plaintiff [need not] show that the defendant had actual knowledge of the detainee's serious medical condition and consciously disregarded the risk that their action or failure to act would result in harm." Id. "[I]t is enough that the plaintiff show that the defendant acted or failed to act 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 836 (1994)). However, it remains insufficient "for the plaintiff to allege that the defendant negligently or accidentally failed to do right by the detainee." Id. at 611-12.

6

Case 1:24-cv-00066-MR    Document 9    Filed 10/28/24    Page 6 of 9

Taking the Plaintiff's allegations as true and drawing all reasonable inferences in his favor, the Plaintiff's claims for deliberate indifference to a serious medical need against Defendants Williams and Hamrick survive initial review as they are not clearly frivolous.

The Plaintiff alleges that Defendants SHP and Atrium Health have contracts to provide CCDC inmates with health care. The Court assumes *arguendo* that SHP and Atrium Health are state actors for purposes of § 1983. See West v. Atkins, 487 U.S. 42, 55 (1998) (a physician who contracted with the state to provide medical services to inmates was a state actor). The Fourth Circuit has conditioned liability for private corporations under 42 U.S.C. § 1983 on the same requirements established for municipal corporations. Rodriguez v. Smithfield Packing Co., Inc., 338 F.3d 348, 355 (4th Cir. 2003); see Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978). Section 1983 liability cannot be based solely on a theory of respondeat superior. Austin v. Paramount Parks, Inc., 195 F.3d 715, 728 (4th Cir. 1999). Instead, to establish Section 1983 liability for a private corporation, a plaintiff must show that "an official policy or custom of the corporation cause[d] the alleged deprivation of federal rights." Id.; see Monell, 436 U.S. at 690.

The Plaintiff fails to identify any official policy or custom of SHP or Atrium Health that caused a deprivation of his federal rights. He appears to rely on a theory of *respondeat superior* which, as discussed *supra*, is insufficient to state a § 1983 claim. The Plaintiff's claims against SHP and Atrium Health are, therefore, dismissed.

## IV. CONCLUSION

In sum, the Plaintiff's Amended Complaint passes initial review on the Plaintiff's claims for deliberate indifference to a serious medical need against Defendants Williams and Hamrick, and the remaining claims are dismissed without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Amended Complaint [Doc. 8] passes initial review against Defendants Ashley Williams and FNU Hamrick for deliberate indifference to a serious medical need.

2. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

3. The Clerk is respectfully instructed to mail two blank summons forms to the Plaintiff, which the Plaintiff shall fill out and return for service of process on Defendants Williams and Hamrick. Once the Court receives the completed summonses from

Plaintiff, the Clerk shall direct the U.S. Marshal to effectuate service upon the Defendants.

**IT IS SO ORDERED**.

Signed: October 28, 2024

Martin Reidinger
Chief United States District Judge